---

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

---

| | |
|---|---|
| **MICHAEL C. SUSSMAN,** | **REPORT AND RECOMMENDATION** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:16-cv-01094-JNP-PMW** |
| **WELLS FARGO BANK, N.A.,** | **District Judge Jill N. Parrish** |
| **Defendant.** | **Chief Magistrate Judge Paul M. Warner** |

---

District Judge Jill N. Parrish referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Before the court is Wells Fargo Bank, N.A.'s ("Defendant") motion to dismiss.[2]  The court has carefully reviewed the written memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda.  *See* DUCivR 7-1(f).

At the outset, the court recognizes that Plaintiff Michael C. Sussman ("Plaintiff") is proceeding pro se in this case.  Consequently, the court will construe his pleadings liberally.  *See e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

---

[1] *See* docket no. 7.

[2] *See* docket no. 9.

## BACKGROUND

The following facts are taken from Plaintiff's complaint, as well as the documents he references in his complaint that were attached to Defendant's motion to dismiss.[3] On November 22, 2011, Defendant received a Writ of Garnishment from a creditor's lawyer ("Writ").[4] The Writ required Defendant to "hold/debit" funds from Plaintiff's bank account to satisfy a judgment between the creditor and Plaintiff.[5] On December 14, 2011, Defendant debited $1042.00 from Plaintiff's bank account, along with a $100.00 bank fee.[6] Two days later, on December 16, 2011, Defendant notified Plaintiff of the hold/debit that had been placed on his account.[7]

Nearly five years later, on October 27, 2016, Plaintiff filed his complaint against Defendant. In his complaint, Plaintiff asserts that Defendant "not only defrauded the Plaintiff, but also committed interstate bank robbery. The Defendant caused and/or permitted the violation of Plaintiff's right to Due Process guaranteed by the Fourteenth Amendment, thereby entitling

---

[3] When considering a motion to dismiss, the court may review the contents of the complaint, as well as documents referenced in the complaint that are central to the plaintiff's claim without converting the motion into one for summary judgment. *See Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013). Accordingly, this court will consider the documents attached to Defendant's motion and referenced in Plaintiff's complaint but not attached to it. *See id*; *see also GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997) ("If the rule were otherwise, a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff relied.").

[4] *See* docket no. 9, Exhibit B.

[5] *Id.*

[6] *See id.*, Exhibit C.

[7] *See id.*, Exhibit B.

Plaintiff to recover damages pursuant to 42 U.S.C. § 1983."[8]  Plaintiff further alleges that

Defendant injured him by taking his money, "[t]rying to kill Plaintiff by hypothermia," forcing

him to eat out of trash receptacles for six months, and making him homeless for over two years.[9]

The court interprets Plaintiff's complaint as an attempt to bring claims against Defendant

for fraud, conversion, and a due process violation under 42 U.S.C. § 1983.  In his opposition to

Defendant's motion, but not contained his complaint, Plaintiff also alleges that Defendant

violated the Torture Victim Protection Act ("TVPA"), committed attempted murder, and

committed an assault and/or battery.

## LEGAL STANDARDS

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil

Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim

for relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A court should "assume the factual allegations

are true and ask whether it is plausible that the plaintiff is entitled to relief."  *Gallagher v.*

*Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009).  "The court's function on a Rule 12(b)(6) motion

is not to weigh potential evidence that the parties might present at trial, but to assess whether the

plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."

*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).  Thus, "the complaint must give the court

reason to believe that this plaintiff has reasonable likelihood of mustering factual support for

these claims."  *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)

---

[8] Docket no. 3 at 4.

[9] *Id.*

(emphasis omitted). "In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits, and documents incorporated into the complaint by reference." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citations omitted).

In conducting the analysis of Defendant's motion, the court is mindful that Plaintiff is proceeding pro se in this case and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam). Further,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted).

<u>**ANALYSIS**</u>

Defendant first argues that Plaintiff's claims are barred by the applicable statutes of limitation. Defendant next contends that, even if Plaintiff's complaint were filed in a timely fashion, all of his claims fail as a matter of law. The court will address those arguments in turn.

**I. Statutes of Limitation**

Defendant argues that because Plaintiff did not file his complaint until nearly five years after he discovered that Defendant had garnished his bank account, his complaint is barred by the applicable statutes of limitation. The court agrees.

Under Utah law, conversion and fraud claims are subject to a three-year statute of limitations. *See* Utah Code § 78B-2-305(2)-(3). There is no statute of limitations under federal law for violations of section 1983. However, "Congress determined that gaps in federal civil rights acts should be filled by state law," and that "federal courts routinely measure the timeliness of federal civil rights suits by state law." *See Hardin v. Straub*, 490 U.S. 536, 538 (1989). Accordingly, section 1983 claims are subject to a four-year statute of limitations. *See* Utah Code § 78B-2-307(3) (providing a four-year statute of limitations for "relief not otherwise provided for by law").

As noted above, Defendant garnished Plaintiff's bank account on December 14, 2011, and Plaintiff did not file the instant lawsuit until nearly five years later, on October 27, 2016. Therefore, the claims contained in Plaintiff's complaint are time-barred under the applicable statutes of limitation.

In his opposition to Defendant's motion Plaintiff appears to argue that the statutes of limitation should be tolled. "The doctrine of equitable tolling should not be used simply to

rescue litigants who have inexcusably and unreasonably slept on their rights, but rather to prevent the expiration of claims to litigants who, through no fault of their own, have been unable to assert their rights within the limitations period." *Beaver Cty. v. Prop. Tax Div. of Utah State Tax Comm'n*, 128 P.3d 1187, 1194 (Utah 2006). Courts generally toll the limitations period only if the plaintiff "did not know nor should have reasonably known the facts underlying the cause of action." *Garza v. Burnett*, 321 P.3d 1104, 1107 (Utah 2013).

Plaintiff has failed to demonstrate that he did not reasonably know the facts underlying his claims within the applicable limitation periods. Notably, Plaintiff admits in his opposition that he had knowledge regarding his potential claims within those limitation periods.[10] Consequently, Plaintiff has not established any basis for tolling the relevant statutes of limitation.

Because all of the claims alleged in Plaintiff's complaint are barred by the applicable statutes of limitation, and because there is no basis for tolling those statutes, Plaintiff's complaint should be dismissed.

## II. Rule 12(b)(6)

Defendant next argues that even if Plaintiff had filed his complaint in a timely fashion, each of his claims fails as a matter of law. Again, the court agrees.

### A. Fraud

Pursuant to rule 9(b) of the Federal Rules of Civil Procedure, to properly allege fraud, Plaintiff "must state with particularity the circumstances constituting fraud or mistake." Fed R. Civ. P. 9(b). The Utah Supreme Court has set forth the elements of fraud as follows:

> (1) That a representation was made;

---

[10] *See* docket no. 11 at 2.

(2) concerning a presently existing material fact;

(3) which was false;

(4) which the representor either (a) knew to be false, or (b) made recklessly, knowing that he [or she] had insufficient knowledge upon which to base such representation;

(5) for the purpose of inducing the other party to act upon it;

(6) that the other party, acting reasonably and in ignorance of its falsity;

(7) did in fact rely on it;

(8) and was thereby induced to act;

(9) to his [or her] injury and damage.

*Crookston v. Fire Ins. Exch.*, 817 P.2d 789, 800 (Utah 1991) (alterations in original).

Plaintiff's fraud claim is based on his conclusory allegation that Defendant "robbed" him of his money "in several small amounts, in the hopes the Plaintiff would not notice."[11] Defendant correctly argues that Plaintiff's complaint does not satisfy the specificity requirements of rule 9(b) or allege any facts to satisfy the elements of fraud set forth above. Instead, Plaintiff makes only conclusory allegations to support his claim, which are insufficient to satisfy the particularity requirements under rule 9(b). *See, e.g.*, *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (holding that dismissal of the plaintiff's complaint was proper "because his vague and conclusory allegations of fraud failed to come anywhere near satisfying the specificity requirements of Federal Rule Civil Procedure 9(b)"). Accordingly, the court concludes that Plaintiff's fraud claim fails as a matter of law and should be dismissed.

---

[11] Docket no. 3 at 2.

## B.  Conversion

Plaintiff purports to allege a claim against Defendant for "interstate bank robbery."[12]  If such a claim is actionable at all, it is a crime, and not a civil tort.

Nevertheless, as noted by Defendant, even construing Plaintiff's claim liberally as a one for conversion, that claim still fails as a matter of law.

> To prove conversion, a party must establish an act of willful interference with property, done without lawful justification, by which the person entitled to property is deprived of its use and possession, and that the party is entitled to immediate possession of the property at the time of the alleged conversion.

*Jones & Trevor Mktg., Inc. v. Lowry*, 233 P.3d 538, 544 n.13 (Utah Ct. App. 2010) (quotations and citation omitted).

In this case, Defendant had lawful justification for its compliance with the Writ obtained by the third-party judgment creditor.  In fact, "acting in the capacity of a neutral, thir[d]-party garnishee, [Defendant was] obligated by law to comply with the writ's instructions."  *Walton v. U.S. Bank*, No., 2:09-CV-931, 2010 WL 3928507, at *2 (D. Utah Oct. 4, 2010) (unpublished); *see also* Utah R. Civ. P. 64D(j)(1) (stating that a garnishee who properly releases garnishment "is released from liability").  Because Defendant acted with lawful justification, Plaintiff's conversion claim fails as a matter of law and should be dismissed.

## C.  Section 1983

"To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *Hall v. Witteman*, 584

---

[12] *Id*. at 4.

F.3d 859, 864 (10th Cir. 2009) (quotations and citation omitted) (alteration in original). "While state or government officials may be held liable under § 1983, 'private conduct that is not fairly attributable to the State is simply not actionable under § 1983.'" *Walton*, 2010 WL 3928507, at *2 (quoting *Witteman*, 584 F.3d at 864). "In order to allege that private conduct is 'fairly attributable to the state,' the complaint must show that the private party is 'a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.'" *Id*. (quoting *Lugar v. Edmonson Oil, Co.*, 457 U.S. 922, 937 (1982)).

As Defendant has correctly indicated, the facts of *Walton* are substantially the same as the facts of this case. In *Walton*, the plaintiff brought a section 1983 claim against his bank, claiming "that the defendants violated federal and California law by garnishing money from [plaintiff's] bank account." *Id*. at *1. The court granted the bank's motion to dismiss, finding that the plaintiff had "failed to show state action sufficient to maintain a § 1983 claim against [the bank]." *Id*. at *2. The court stated that "[t]here is no allegation that [the bank] is a state actor and plaintiff has not alleged any fact that would support a conclusion that [the bank], a private party, 'may fairly be said to be a state actor.'" *Id*. (quoting *Lugar*, 457 U.S. at 937). The court further noted that the bank "was not the party responsible for seeking or obtaining the writ of garnishment, but rather was acting in the capacity of a neutral, thir[d]-party garnishee, obligated by law to comply with the writ's instructions." *Id*. Finally, the court concluded that "[u]nder these circumstances, [the bank's] compliance with the Utah garnishment statute does not amount to conduct that is 'fairly attributed to the state.'" *Id*. "Because plaintiff has failed to show that

[the bank] acted under color of state law, his § 1983 claim against [the bank] fail[ed] as a matter of law." *Id*.

In this case, Plaintiff has not alleged that Defendant is a state actor or could fairly be considered to be a state actor. Plaintiff has not made any allegations that Defendant played any role in seeking or obtaining the Writ. To the contrary, Defendant "act[ed] in the capacity of a neutral, thir[d]-party garnishee" and was "obligated by law to comply with the writ's instructions." *Id*. Compliance with a law cannot, and should not, transform a private actor into an arm of the state. Therefore, because Defendant did not act "under color of state law," Plaintiff's section 1983 claim fails as a matter of law and should be dismissed.

### D. TVPA

"The TVPA imposes liability on individuals for certain acts of torture and extrajudicial killing." *Mohamad v. Palestinian Auth.*, 566 U.S. 449, 449 (2012). The United States Supreme Court has made it clear that the TVPA "authorizes liability solely against natural persons." *Id*.

Even if Defendant's garnishment of Plaintiff's bank account could somehow be considered torture under the TVPA, which the court concludes it is not, Plaintiff cannot maintain an action under the TVPA against an entity like Defendant. *See id*. ("The text of the TVPA convinces us that Congress did not extend liability to organizations, sovereign or not."). Accordingly, the court concludes that Plaintiff's claim under the TVPA fails as a matter of law and should be dismissed.

### E. Attempted Murder

Attempted murder is a crime, not a tort. Consequently, this "claim" must fail as a matter of law and should be dismissed.

### F. Assault and/or Battery

"Under Utah law, [a]n assault is an act (a) . . . intending to cause a harmful or offensive contact with the person of the other . . . or an imminent apprehension of such a contact by which (b) . . . the other is . . . put in such imminent apprehension." *Reynolds v. MacFarlane*, 322 P.3d 755, 758 (Utah Ct. App. 2014) (quotations and citations omitted) (alterations in original). "[A]n actor is liable for battery if (a) he acts intending to cause a harmful or offensive contact with the person of the other . . . or an imminent apprehension of such a contact, and (b) a harmful contact with the person of the other directly or indirectly results." *Id*. at 759 (quotations and citations omitted) (second alteration in original). Both torts require "harmful or offensive contact" or apprehension of "harmful or offensive contact." *Id*. at 758-59. "[H]armful or offensive contact includes all *physical contacts* that the individual either expressly communicates are unwanted, or those contacts to which no reasonable person would consent." *Id*. at 759 (quotations and citation omitted) (emphasis added).

Plaintiff never alleges that Defendant, a bank, either committed any harmful or offensive physical contact or put Plaintiff in fear of any physical contact. Therefore, Plaintiff's claim for assault and/or battery fails as a matter of law and should be dismissed.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is hereby recommended that Defendant's motion to dismiss[13] be GRANTED and that this action be dismissed.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). The parties

---

[13] *See* docket no. 9.

must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 31st day of August, 2017.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge